UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ALVIN KIE, ET AL.** | **CIVIL ACTION NO. 15-2304** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TORY WILLIAMS, ET AL.** | **MAG. JUDGE JOSEPH PEREZ-MONTES** |

# RULING

This is a personal injury action brought by Plaintiffs Alvin Kie and Pecola Kie ("the Kies") against Defendants Tory Williams ("Williams"), Tommie Morgan ("Morgan"), and Werner Enterprises of Nebraska ("Werner") arising from a motor vehicle accident.

On June 7, 2016, the Kies filed the instant Motion for Partial Summary Judgment as to the 100% Fault of the Defendants, Course and Scope of Employment, and Insurance Coverage, or in the Alternative, Motion for Judgment on the Pleadings ("Motion for Partial Summary Judgment") [Doc. No. 25] against all Defendants, contending that there is no genuine issue of material fact for trial on liability, course and scope of employment, and insurance coverage. On June 27, 2016, Defendants filed a memorandum in opposition to the motion. [Doc. No. 31].

The Kies' Motion for Partial Summary Judgment is DENIED AS MOOT with regard to Morgan and otherwise DENIED on the merits.

**I.     FACTS**

On June 4, 2014, Alvin Kie ("Mr. Kie') was operating a pickup truck with Undra Sharp ("Sharp") as a passenger. Mr. Kie was stopped in the inside (left) lane at a red light at the intersection of Louisiana State Highway 17 and U.S. Highway 80 in Richland Parish, Louisiana. He was waiting to take a left turn onto Highway 80. Williams was operating the tractor trailer in

the outside (right) lane of the same intersection. Morgan was a passenger in the tractor trailer.

According to Mr. Kie, Williams crossed from the righthand lane into the lefthand lane and struck his vehicle while they were sitting still. The Kies produced three additional witnesses to support their claims: Brian Myrick ("Myrick"), Robert Fountain, Sr., and Willie Jean Fountain. Myrick testified that he was in his vehicle in the lefthand lane behind Mr. Kie when the accident occurred, that Mr. Kie was stopped waiting to make a left turn onto Highway 80, and that Williams' trailer "tracked over in his lane and hit him in the rear." [Doc. No. 25-5, p. 13]. Myrick did not stay at the scene, but later agreed to talk to a lawyer at Mr. Kie's request. Robert Fountain testified that he was traveling southbound on Highway 17 in his vehicle. He saw Mr. Kie's vehicle and Williams' tractor trailer stopped at the red light. When the light turned green, both vehicles began moving, Mr. Fountain saw "the 18 wheeler come across the line" and his trailer "bumped" Mr. Kie's truck. [Doc. No. 25-6, p. 10]. Although Mrs. Fountain's testimony was somewhat confusing, when asked if "the driver's side rear wheels of the trailer hit the pickup truck," she testified "I think so." [Doc. No. 25-7, p. 18]. Sharp testified that he was facing forward when the accident occurred, but felt the impact.

Williams and Morgan offered declarations in which they both attested that Williams maintained control of the tractor and trailer and thus a collision could only have occurred if Mr. Kie crossed from the lefthand lane into the righthand lane and struck the trailer Williams was towing.

It is apparently undisputed that Williams continued driving forward after the accident, but no more than one-half block. Delhi Police Officer Derick Whitney arrived on the scene approximately one minute after receiving the call, and testified that both vehicles were stopped approximately one-half block from the intersection.

Officer Whitney has 8 ½ years of law enforcement experience and typically investigates fifteen to seventeen accidents per month. In his investigation of this accident, Officer Whitney discovered debris from Mr. Kie's tail light in the center between the two lanes. He also noted that the mirror on the passenger side of Mr. Kie's truck was folded in, not pushed forward, which suggested that Mr. Kie's truck was moving forward when it came into contact with Williams' 18-wheeler. If Williams' tractor and trailer had moved first and struck Mr. Kie's truck, Officer Whitney explained that Mr. Kie's passenger rearview mirror would have been pushed forward instead of folded in backwards. Officer Whitney spoke with Mr. Kie, Sharp, Williams, and Morgan, but none of the other witnesses the Kies rely on identified themselves at the scene of the accident or offered statements to Officer Whitney. Officer Whitney concluded that Williams had not committed any violations.

## II. LAW AND ANALYSIS

### A. Motions for Judgment on the Pleadings or, in the Alternative, for Summary Judgment

When considering a motion for judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a court's review is limited to the pleadings. FED. R. CIV. P. 12(c). If, however, the Court considers matters outside the pleadings, the motion is considered as one for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d) (" If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) ("As is true of practice under Rule 12(b)(6), it is well-settled that it is within the district court's discretion whether to accept

extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1371 (3d ed.2010)).

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir.

2007)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986)).

    **B.**    **Claims Against Morgan**

The Kies originally moved for partial summary judgment against Defendants Williams, Morgan, and Werner. However, on July 21, 2016, the parties filed a Joint Motion to Dismiss the Kies' claims against Morgan. The Court granted the motion dismissing all claims against Morgan on July 26, 2016. [Doc. No. 53]. Therefore, the Kies' Motion for Partial Summary Judgment as to Morgan is DENIED AS MOOT.

    **C.**    **Negligence**

The Kies move the Court for judgment as a matter of law on their negligence claims against the remaining two Defendants. Defendants contend that record evidence presents a genuine issue of material fact for trial on the Kies' claim.

First, as both the Kies and Defendants have referred to and relied on matters outside the pleadings, the Court considers the Kies' motion under Rule 56.

The Court now turns to a review of the substantive arguments.

Because this is a diversity action, Louisiana substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Kies assert that Defendants are liable to them under a theory of negligence. *See* LA. CIV. CODE ART. 2315. Louisiana courts employ a duty-risk analysis of negligence claims. Under this analysis, a plaintiff must prove the following by a preponderance of the evidence: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4)

the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damages element). *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (citing *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La. 2006)). All of these elements must be present to impose liability. *See Richard v. Swiber*, 98–1515 (La. App. 1 Cir. 9/24/99); 760 So.2d 355, 359.

Although there are certain presumptions which may apply in negligence actions based on a motor vehicle accident, the Kies do not rely on any such presumptions. They argue that the following facts are undisputed and suffice to support summary judgment in their favor:

1. That it is undisputed that the defendant driver was operating a tractor and Dollar General trailer on the day of the collision.

2. That it is undisputed that Alvin Kie was at a complete stop in the left lane at a red light waiting to turn left at the time of the collision . . . .

3. That it is undisputed that the 18-wheeler trailer crossed the double lines and struck the vehicle being driven by Alvin Kie . . . .

4. That it is undisputed that the defendant driver kept driving after the collision. . . .

5. That is undisputed that Alvin Kie had to flag the defendant driver down to inform him of the collision.

[Doc. No. 25-1, p. 7].

However, the Kies' listed facts 2 and 3 are not undisputed. Williams, Morgan, and at least one of the Kies' witnesses, Mr. Fountain, testified that Mr. Kie's vehicle was moving forward, not sitting still, at the time of the accident. Williams and Morgan also declare that Williams maintained the tractor trailer in his lane of travel at all time. Defendants' version of events is also supported by Officer Whitney's investigation and testimony.

The Court finds that Defendants have raised genuine issues of material fact for trial on the Kies' negligence claims. Therefore, to the extent that they move for summary judgment on liability, the motion is DENIED.[1]

### D. Other Issues

The Kies also move for summary judgment on the issue of insurance coverage and "course and scope of employment as it relates to . . . Williams being an employee of Werner . . . at the time of the collision." However, the Kies make no argument, cite no law, and cite no facts in support of summary judgment on these issues. Additionally, no undisputed facts are listed to support summary judgment on these issues.

Defendants do not respond to Kies' argument on course and scope of employment. With regard to insurance coverage, Defendants respond that no insurance company is named in this litigation, that Werner is self insured up to first $1,000,000, and that Werner has a policy of insurance with ACE American Insurance Company for $1,000,000, subject to a $1,000,000 deductible.

To the extent that the Kies are merely seeking to ascertain whether Defendants have sufficient resources to pay damages, if any, awarded in this lawsuit, Defendants appears to have provided the necessary information to the Kies, and no further action is necessary. To the extent the Kies seek a determination that Williams was acting within the course and scope of his employment with Werner, they did not properly support this argument with record, and, thus, Defendants did not have a duty to respond. Under these circumstances, the Kies' Motion for

---

[1] Given the denial of the Kies' motion, the Court need not address Defendants' other arguments.

Partial Summary Judgment on the issues of insurance coverage and course and scope of employment is also DENIED. Counsel for the parties are expected to address these issues when they conference to prepare the draft pre-trial order in this matter and to enter into any appropriate stipulations.

### III. CONCLUSION

For the foregoing reasons, the Kies' Motion for Partial Summary Judgment [Doc. No. 25] is DENIED AS MOOT as to Morgan and is otherwise DENIED on the merits.

**MONROE, LOUISIANA,** this 8th day of September, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE