d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ALVIN KIE, ET AL.                            CIVIL ACTION NO. 3:15-CV-02304
Plaintiffs

VERSUS                                       JUDGE JAMES

TORY WILLIAMS, ET AL.                        MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## MEMORANDUM ORDER

I.   **Defendants' Omnibus Motion in Limine (Doc. 61)**

　　　IT IS ORDERED that Defendants' Omnibus Motion in Limine is GRANTED

IN PART in the following respects:

- **Any argument about or any reference to the relative financial positions of
  Defendants and Plaintiffs** will be EXCLUDED at trial.

- **Any evidence or testimony related to Plaintiffs' claims for property damage to the
  pick-up truck driven by Alvin Kie ("Plaintiff") at the time of the accident**,
  specifically including property damage appraisals or estimates, will be
  EXCLUDED at trial.  Plaintiffs are not precluded from offering photographs of
  Plaintiff's vehicle following the accident, or testimony or other evidence regarding
  the general extent of the damage to Kie's vehicle.

- **Any evidence or testimony concerning Plaintiffs' claim for future lost wages or loss
  of earning capacity**, including evidence or testimony of Plaintiff's future damages,
  but not including evidence of future medical expenses, will be EXCLUDED at
  trial.

1

- **Any reference to punitive or exemplary damages** will be EXCLUDED at trial.

    Defendants' Omnibus Motion in Limine (Doc. 61) is DENIED IN PART in the following respects:

- **Any lay testimony regarding the physical condition or work capacity of Plaintiff.** Under Federal Rule of Evidence 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Applying these standards, IT IS ORDERED that lay witnesses may testify concerning facts and opinions based solely upon their perceptions, such as the level or type of Plaintiffs' activities before and after the accident.  Lay witnesses may not, however, offer opinion testimony concerning the cause or extent of Plaintiffs' injuries, Plaintiffs' medical condition, or Plaintiffs' ability to work, all of which require specialized medical knowledge within the scope of Rule 702.

- **All claims and lawsuits involving Defendants.**  IT IS ORDERED that Plaintiffs may offer fact testimony from witnesses who asserted other claims or lawsuits arising from the accident underlying this lawsuit (hereinafter, the "Accident"), but only to the extent that such testimony concerns the facts of the Accident.  Plaintiffs may not offer testimony or evidence concerning: (1) the litigation or settlement of any other claims against Defendants arising from the Accident; or (2) any information regarding other accidents involving Defendants.

- **Evidentiary exhibits.**
  - o Defendants object to six categories of exhibits listed by Plaintiffs.  As discussed during the Final Pretrial Conference, Plaintiffs' exhibit list was apparently neither complete nor filed with the Court.  Plaintiffs agreed to correct, resubmit, and file their exhibit list, and Defendants agreed that Plaintiffs' corrections will likely resolve many of their objections listed in the Joint Pretrial Order (Doc. 89).  Many of those objections appear to be duplicative of, or related to, the objections listed in Defendants' Omnibus Motion in Limine.
  - o To provide some clarification at this point, however, IT IS ORDERED that: (1) any evidentiary exhibits not disclosed prior to the applicable discovery and exchange deadlines in the Court's Scheduling Order (Doc. 10) will be EXCLUDED at trial; (2) any charts, diagrams, or demonstrative exhibits not exchanged prior to November 21, 2016, will be EXCLUDED at trial; (3) all resumes or "CVs" of testifying experts will be EXCLUDED at trial, unless a party offers a resume or "CV" in accordance with an applicable exclusion or exception to the hearsay rules; (4) as stated above, all vehicle appraisals and property damage estimates as to any vehicle involved in the accident underlying this lawsuit will be EXCLUDED at trial; (5) any reports, graphs, figures, or correspondence offered by testifying medical expert which was not produced before the applicable discovery and expert report deadlines, and which was not otherwise timely according to the

3

Scheduling Order or an applicable procedural rule, will be EXCLUDED at trial.

- o  Either party may make more specific objections to admissibility at trial if Plaintiffs' modified exhibit list does not resolve additional evidentiary issues.

## II.  <u>Plaintiffs' Motion in Limine (Doc. 62)</u>

IT IS ORDERED that Plaintiffs' Motion in Limine (Doc. 62) is GRANTED IN PART in the following respects:

- **Arrests, suspended license, lack of insurance, DWI and/or misdemeanor convictions, expunged convictions and/or felony convictions more than (10) ten years old and convictions or criminal record.**  Under Federal Rule of Evidence 609, only convictions for felonies or crimes involving a dishonest act or false statement which occurred within the past 10 years are admissible.  All other evidence of arrests, convictions, criminal records, suspended license, lack of insurance, DWI, and/or misdemeanor convictions, expunged convictions, and/or felony convictions more than 10 years old will be EXCLUDED at trial.

- **Attorney's referring client to doctor.**  All details concerning referrals of Plaintiff to physicians for purposes of this litigation, rather than for purposes of Plaintiff's health, will be EXCLUDED at trial as protected by the attorney-client privilege. <u>See, e.g.</u>, <u>Tolliver v. U-Haul Co. of Texas</u>, 2:09 CV 313, 2011 WL 3626328, at *3 (W.D. La. Aug. 17, 2011 ([W]hen an attorney refers a physician to a client, the physician crosses the line from a treating physician into the realm of a specially

retained expert whose report must be provided."); <u>Soriano v. Treasure Chest</u> <u>Casino, Inc.</u>, CIV.A. 95-3945, 1996 WL 736962, at *2 (E.D. La. Dec. 23, 1996) ("To the extent the discussions regarding referrals to doctors and other experts dealt with this litigation, such as referrals for expert opinion to be utilized for this matter, the discussions are protected. To the extent the discussions did not facilitate legal issues, such as referrals simply for the health of the plaintiff, the discussions are not protected."). The limited evidence before the Court indicates that Plaintiffs' counsel referred Plaintiff for treatment at Elite Healthcare Alliance and Monroe Medical Clinic for purposes of litigation, rather than for Plaintiffs' health. As such, information concerning Plaintiffs' counsel's referrals to these physicians is inadmissible as protected by the attorney-client privilege.

- **Collateral Source Payments.**
  - It is well-settled that "[e]vidence that the injured party received benefits from a collateral source is inadmissible under the rules of relevancy." <u>Glob.</u> <u>Petrotech, Inc. v. Engelhard Corp.</u>, 58 F.3d 198, 202 (5th Cir.1995) (internal citation and quotation omitted). It is also now settled that "the collateral source rule does not apply to attorney-negotiated write-offs or discounts of medical expenses obtained through the litigation process." <u>Wesley v.</u> <u>Jackson</u>, CV 14-537-RLB, 2015 WL 9581825, at *1 (M.D. La. Dec. 30, 2015) (citing <u>Hoffman v. 21st Century N. Am. Ins. Co.</u>, 2014-2279 (La. 10/2/15), reh'g denied (Dec. 7, 2015)). Stated otherwise, Plaintiffs may not recover for attorney-negotiated write-offs. <u>See</u> <u>id.</u>

5

o Evidence of the total amounts billed before attorney-negotiated discounts is irrelevant and inadmissible, and will be EXCLUDED at trial. <u>See</u> <u>Wesley</u> <u>v. Jackson</u>, CV 14-537-RLB, 2015 WL 9581825, at *2 (M.D. La. Dec. 30, 2015); <u>contra</u> <u>Thibodeaux v. Wellmate</u>, CV 12-1375, 2016 WL 2983950, at *4 (E.D. La. May 23, 2016) ("The Court, however, will allow Thibodeaux to inform the jury of the total amount billed, including the 'write-off' amounts, in addition to the amount actually paid. The Court finds that evidence of the total amount of past medical expenses billed has some probative value that is not substantially outweighed by any risk of unfair prejudice."). The parties are ORDERED to stipulate, wherever possible, as to the medical expenses actually paid on Plaintiffs' behalf to streamline the issues presented at trial.

o Evidence of attorney payments of medical bills is likewise irrelevant and inadmissible, and will be EXCLUDED at trial.   <u>Howard v. Offshore</u> <u>Liftboats</u>, LLC, CV 13-4811, 2016 WL 232241, at *3 (E.D. La. Jan. 19, 2016) ("Insofar as the Defendants plan to introduce evidence with respect to attorney loans or attorney payment of medical, travel, or other expenses; attorney scheduling and arrangement for medical care; and attorney letters of protection, the motion in limine is GRANTED. This evidence is irrelevant to the issues to be decided at trial.").  This exclusion includes any testimony by Dr. Ledbetter regarding the same, which should not be presented to the jury.

- **All details of any crime** will be EXCLUDED at trial under Fed. R. Evid. 609(A).

- **Failure to file income tax returns and/or tax liens.**  Because Plaintiffs are not asserting claims for lost wages, any evidence concerning Plaintiffs' failure to file income tax returns and/or tax liens will be EXCLUDED at trial as irrelevant.

- **Lack of insurance, poverty, or inability to pay a judgment, of any Defendant.**  As decided above, all evidence of the parties' relative financial conditions – including lack of insurance, poverty, or inability to pay a judgment – will be EXCLUDED at trial.

- **Creditor judgments and/or wage garnishments.**  Any evidence concerning creditor judgments and/or wage garnishments will be EXCLUDED at trial.

IT IS ORDERED that Plaintiffs' Motion in Limine (Doc. 62) is DENIED IN PART in the following respects:

- **Alcohol use and/or drug use or treatment for alcohol usage and/or drug usage and/or positive alcohol and/or drug screens/tests.**  The Court DENIES AS PREMATURE Plaintiffs' Motion in Limine to the extent it seeks exclusion of alcohol use, drug use, and prior treatment or test results for the same.  If Plaintiff presents lay (non-medical) evidence or testimony that he has suffered memory loss as a result of the Accident, Defendants may be entitled to present lay evidence, and to cross-examine Plaintiff, regarding potential alternative causes of Plaintiff's alleged memory loss, including evidence that Plaintiff may have abused alcohol or illicit drugs in the past.  However, the undersigned is not able to evaluate the potential probative value or prejudicial effect of any such evidence at this time

under Fed. R. Evid. 403.  The parties may re-urge their objections before the District Judge at trial.

- **"Fraudulent" injuries or "lawyer-driven" or "lawsuit driven" medical treatment by plaintiffs.**  Defendants may present evidence and testimony concerning Plaintiffs' medical treatment and subjective complaints, including evidence which draws into question the veracity of Plaintiffs' subjective complaints and secondary gain as a contributing factor.  If supported by evidence, Defendants may argue, based upon reasonable inferences to be drawn from the evidence, that secondary gain was a contributing factor in Plaintiffs' medical treatment and subjective complaints.

- **Other lawsuits or claims by Plaintiffs and/or other personal injury claims.**  Plaintiffs' Motion in Limine is DENIED AS MOOT as to this issue, because the argument is discussed and ruled upon below.

- **Any expert reports filed and/or exchanged after the Court Scheduling Order deadline, and the discovery deposition of Dung Le, M.D., taken after the discovery deadline.**  Plaintiff's Motion in Limine is DENIED AS MOOT as to this issue, as all outstanding expert report issues (aside from those raised in Doc. 68) were ruled upon during the Final Pretrial Conference, including the taking of Dr. Le's video trial deposition.

- **Any surveillance video and/or images of the Plaintiffs performed and/or obtained by any agent of the Defendants.**  Plaintiff's Motion in Limine is DENIED AS MOOT as to this issue, as Defendants have represented that no such video or

images exist, and as the Court does not interpret Plaintiffs' Motion to seek exclusion of images recovered from Plaintiffs' Facebook profile(s).

## III.   Plaintiffs' Second Motion in Limine (Doc. 63)

IT IS ORDERED that Plaintiffs' Second Motion in Limine (Doc. 63) is DENIED for the following reasons:

- **Evidence of Plaintiffs' unrelated injuries to those presently claimed in this litigation, and specifically, a thumb injury.**  Defendants may present evidence that Plaintiff incurred an injury to his thumb on July 6, 2015, which resulted in treatment and surgery.  This evidence is relevant because it: (1) may constitute a preexisting injury which could impact the issue of causation of Plaintiffs' claim that he experienced numbness in his hand a result of the Accident, as well as the general course of treatment for injuries Plaintiff sustained in the Accident; and (2) may be used to attack Plaintiff's credibility.

- **Evidence that Plaintiff was involved in prior unrelated accidents.**  Defendants may present evidence concerning Plaintiff's involvement in an earlier accident – and specifically, an accident which occurred approximately twenty years ago – as well as evidence of Plaintiffs' ongoing medical treatment prior to the Accident, as such evidence is relevant to the issues of causation, damages, and credibility.  The evidence may tend to show Plaintiff received medical treatment before the Accident to areas of his body at issue in this litigation, including injuries to his head, back, and ankles.  See, e.g., Pratt v. Culpepper, 49,627 (La.App. 2 Cir. 2/27/15, 12), 162 So.3d 616, 623, reh'g denied (Apr. 9, 2015).

**IV.** **Defendants' Motion in Limine Concerning the 6/7/16 and 6/20/16 Reports and Corresponding Testimony of Dr. John Ledbetter (Doc. 66) and Plaintiffs' Motion to Strike Motion in Limine (Doc. 71)**

The Deadline for filing motions in limine was September 16, 2016. (Doc. 10, p. 6). Defendants filed the Motion in Limine (Doc. 66) seven days later, on September 23, 2016. Defendants offer three justifications for the late filing.

First, Defendants argue they "had no knowledge plaintiffs would attempt to include these untimely expert reports in their trial exhibits allegedly as part of plaintiff's (sic) certified medical records from Louisiana Pain Care until they received a Bates stamped copy of plaintiffs' trial exhibits late in the evening on September 20, 2016." (Doc. 78, p. 2). However, Defendants received both reports in June 2016. Defendants suggest that the reports were prepared in anticipation of a mediation to be held on June 21, 2016. Plaintiffs seem to concede that point. But there is no indication that the reports – which clearly express medical opinions regarding Plaintiff's injuries and anticipated future medical treatment – were to be used exclusively for the purpose of the settlement conference, and were thereafter to simply disappear. Defendants had knowledge that the reports existed, that Dr. Ledbetter prepared them, and that they formed a portion of Dr. Ledbetter's conclusions in this case, well before the deadline to file motions in limine. The re-inclusion of the reports with Plaintiffs' trial exhibits is irrelevant.

Second, Defendants state that the reports were not designated as expert reports, but were merely produced by email which merely instructed counsel to "see attached." While true – and while counsel for Plaintiffs failed to observe even the

most basic formalities in so producing the reports – the Court cannot find that this fact prevented Defendants from filing a timely motion in limine.  Again, Defendants were well aware of the reports and their import.  Even a casual review makes the nature of the reports clear.

Finally, Defendants suggest that their timely-filed Omnibus Motion in Limine (Doc. 61) effectively preserved their right to argue that Dr. Ledbetter's supplemental reports should be excluded.  In the Omnibus Motion, Defendants "object to any reports . . . that were not previously produced as both the discovery and expert report deadlines have passed."  (Doc. 61-1, p. 13).  Defendants concede, however, that Dr. Ledbetter is a treating physician.  The Scheduling Order clarifies that treating physicians are not subject to its deadlines for expert physicians, and that the reports of treating physicians should simply "be furnished to opposing counsel immediately upon receipt."  (Doc. 10, p. 4).  There is no indication that counsel for Plaintiffs failed to comply with this requirement.

Moreover, although not technically relevant to the Motion in Limine, the Court observes that Defendants were not otherwise prejudiced by Dr. Ledbetter's reports. Defendants had ample opportunity to review the reports, present the reports to their own experts, assail the factual basis (or lack thereof) of the reports, cross examine Dr. Ledbetter regarding the reports, and to otherwise challenge Dr. Ledbetter's conclusions.  Counsel's brief aptly illustrates as much.

Accordingly, Plaintiffs' Motion to Strike Defendants' Untimely/Late Filed Motion in Limine (Do. 71) is GRANTED, and Defendants' Motion in Limine

Concerning the 6/7/16 and 6/20/16 Reports and Corresponding Testimony of Dr. John Ledbetter (Doc. 66) is hereby STRICKEN from the record.

## V.   <u>Plaintiffs' Motion to Strike Defendants' Untimely Supplemental Exhibit and Addendum to Expert Report (Doc. 68)</u>

Plaintiffs seek to exclude an addendum to the expert report of Dr. Curtis Partington, an expert retained by Defendants.  Defendants disclosed the addendum on September 29, 2016.

The addendum only addresses x-rays of Plaintiff's cervical and lumbar spine taken on June 4 and June 5, 2014.  Defendants maintain – and offer a line of correspondence which proves – that they diligently attempted to obtain these x-rays well before the initial deadline to exchange expert reports, but were unable to do so. Defendants further note that Plaintiffs did not themselves produce the x-rays.  Once Defendants received the x-rays on July 21, 2016, counsel for Defendants immediately forwarded them to Dr. Partington for review.

The Scheduling Order provides that, "[i]f there is any subsequent change in the expert's opinion or its basis [after an initial report is exchanged], the offering attorney must notify all counsel within 7 days."  Moreover, Fed. R. Civ. P. 26(e)(2) requires that any such subsequent be exchanged at least 30 days before trial.  The Court finds no bad faith or dilatory motive on Defendants' part.  Defendants' disclosure of the addendum complied with both the Scheduling Order and Fed. R. Civ. P. 26(e)(2).  And because Plaintiffs will have the opportunity to cross examine Dr. Partington regarding the addendum, and had or will have the opportunity to question their own experts regarding the addendum, Plaintiffs have not been prejudiced.

Accordingly, Plaintiffs' Motion to Strike Defendants' Untimely Supplemental Exhibit and Addendum to Expert Report (Doc. 68) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 23rd day of October, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge