UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ALVIN KIE, ET AL.** | **CIVIL ACTION NO. 15-2304** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TORY WILLIAMS, ET AL.** | **MAG. JUDGE JOSEPH PEREZ-MONTES** |

# RULING

This is a personal injury action brought by Plaintiffs Alvin Kie and Pecola Kie ("the Kies") against Defendants Tory Williams ("Williams"), Tommie Morgan ("Morgan"), and Werner Enterprises, Inc. ("Werner") arising from a June 4, 2014 motor vehicle accident. Prior to trial, the claims against Morgan were dismissed.

A jury trial was held on November 28-December 2, 2016. On December 2, 2016, the jury returned a verdict in favor of Defendants, finding that Williams was not negligent. [Doc. No. 133]. The Court entered a Judgment [Doc. No. 134] on December 7, 2016, consistent with the jury's verdict.

On December 22, 2016, the Kies filed a Motion to Alter or Amend Judgment [Doc. No. 137] and a Motion for New Trial [Doc. No. 138]. On January 11, 2017, Defendants filed memoranda in opposition to the Kies' motions [Doc. Nos. 144 & 145].

For the following reasons, the Kies' motions are DENIED.

**I.      STANDARD OF REVIEW**

Motions to alter or amend judgment and for new trial are both governed by Federal Rule of Civil Procedure 59. Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of its entry. FED. R. CIV. P. 59(e). Although the rule itself does not provide the

bases for altering or amending a judgment, case law has recognized three grounds: (1) an intervening change in the law, (2) newly discovered evidence, (3) correction of clear or manifest error of law or fact. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534-35 (5th Cir. 2015) *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182-84 (5th Cir. 2012); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

Rule 59(a) provides that a new trial may be granted "on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Generally, there are four reasons a district court may grant a new trial under Rule 59(a): (1) if the court finds that the verdict is against the great weight of the evidence, (2) the damages awarded are excessive, (3) the trial was unfair, or (4) prejudicial error was committed. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). A district court has "sound discretion" to grant or deny new trial motions. *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

**II.     ANALYSIS**

The Kies moves the Court to set aside the jury's verdict and order a new trial because the jury's determination that Williams was not negligent is clearly erroneous, and manifest injustice will occur if the verdict is allowed to stand. The Kies argue that they presented testimony from three "independent and disinterested witnesses"–Brian Myrick ("Myrick"), Robert Fountain, Sr., and Willie Jean Fountain–and that these witnesses all confirmed that Mr. Kie was stopped in the left or inside lane waiting to execute a left turn when Williams' trailer crossed into Mr. Kie's lane, struck his vehicle, and pushed it forward. The Kies further point out that these witnesses also confirmed that Williams continued on without stopping after the accident. Although the Kies admit that the witnesses knew them before the accident, the witnesses also testified that they

did not receive anything of value for their testimony. The Kies reject the alternative theory offered by Delhi Police Officer Derrick Whitney because Officer Whitney admitted that the scene had been compromised by passing traffic before his arrival and that eyewitness testimony is most reliable. Finally, the Kies argue that Williams admitted that he did not even know an accident happened, so he could not say that his tractor trailer did not cross over into Mr. Kie's lane of traffic.

In addition to their arguments as to the weight of the evidence, the Kies also contend that the verdict should be set aside because the Court improperly allowed the jury to see the "not to scale" drawing prepared by Officer Whitney, but would not allow the Kies' counsel to question Officer Whitney about the statements of the driver and passenger.

Defendants respond that the jury's verdict is not against the great weight of the evidence and that the Court did not err by allowing Officer Whitney to use his drawing as a demonstrative aid during his testimony. First, as to the evidence offered at trial, Defendants point out that they cross-examined Mr. Kie about his own prior inconsistent statement and cross-examined the three witnesses about their failure to stay at the scene or come forward to police. They also point to inconsistencies between the testimonies of Robert and Willie Fountain. Finally, Officer Whitney offered testimony which supported Williams' own testimony and was consistent with his review of the scene. With regard to the drawing, Defendants point out that it was not admitted into evidence, but was used by Officer Whitney as a demonstrative aid during his testimony, and the Kies' counsel had the opportunity to cross-examine Officer Whitney. As his direct testimony was limited to his observations, the Court properly excluded any testimony about the statements of witnesses on cross.

Having reviewed the parties' memoranda and considering the Court's own recollection of

testimony and evidence presented at trial, the Court finds that the jury's verdict should not be altered, nor should a new trial be held. Although the Kies presented a greater number of witnesses than Defendants, as the Court stated in the instructions to the jury, a case is not decided

> by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

[Doc. No. 131, pp. 4-5].

In addition, Defendants presented their own evidence and identified the problems with the Kies' evidence. Williams, the Defendant driver, testified that he maintained control of his vehicle within his lane of travel. Defendants called Officer Whitney, who supported Williams' version of events based on Officer Whitney's personal observations of the accident scene. At the time of the accident, Mr. Kie told Officer Whitney that his passenger side mirror had been contacted. Officer Whitney, who has over 8 years of law enforcement experience and regularly investigates accidents, found that the mirror on the passenger side of Mr. Kie's truck was folded in, not pushed forward, which suggested that Mr. Kie's truck was moving forward when it came into contact with Williams' 18-wheeler. Officer Whitney also found the debris found at the accident consistent with the statements he obtained. Although Mr. Kie claimed at trial that he was struck from the rear, Defendants pointed out that this testimony was inconsistent with his earlier statement. During cross-examination of the Kies' three witnesses, Defendants also pointed out that none of them stayed at the scene or came forward to offer statements to Officer Whitney. Finally, the Kies failed to call Undra Sharp, Mr. Kie's passenger at the time of the accident, to testify in their support. Given these facts, the Court finds that the jury's verdict was

neither a manifest error of fact nor contrary to the great weight of the evidence. The jury could have accepted testimony from Williams and Officer Whitney and discounted the testimony of Mr. Kie and the three other witnesses because of inconsistencies, the witnesses' failure to come forward, and the Kies' failure to call Undra Sharp.[1]

Further, the Court finds that the Kies have failed to show that it committed a manifest error of law, or, if error were committed, that the error was so prejudicial as to compel the verdict to be set aside and a new trial ordered. The Court did not allow Officer Whitney's drawing into evidence, but allowed him, as witnesses often do, to use the drawing to demonstrate during his testimony about his investigation of the accident. The Kies had the opportunity to cross-examine Officer Whitney and to point out any concerns with the drawing. The Court then instructed the jury, both during his testimony and in final instructions, that Officer Whitney's testimony was not to be given any greater weight simply because he is a law enforcement officer.

To the extent that the Court precluded the Kies from questioning Officer Whitney about the statements of Williams and his guest passenger, Morgan, the only prejudice they suffered is

---

[1]The jury was instructed:

> You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

[Doc. No. 131, p. 4].

of their own making. The Kies had the opportunity to question Williams about his statement during cross examination, but declined to do so, and could have called Morgan as a witness, but, again, declined to do so.[2] Thus, the Court's ruling that the Kies could not question Officer Whitney about Williams' and Morgan's hearsay statements in his police report does not support the relief they seek either.

## III.   CONCLUSION

For the foregoing reasons, the Kies' Motion to Alter or Amend Judgment [Doc. No. 137] and Motion for New Trial [Doc. No. 138] are DENIED.

MONROE, LOUISIANA, this 29th day of March, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Even if Morgan were outside the subpoena power of the Court, he could have been compelled to present testimony by deposition, at which time Kies' counsel could have questioned him about his statement to Officer Whitney.